# EXHIBIT B

Case 1:06-cv-00269-RMU    Document 1-3    Filed 02/14/2006    Page 1 of 4

SEC update

Page 1 of 1

## Krauskopf, Anne

From: Romeo, Peter J. [PJRomeo@HHLAW.com]
Sent: Wednesday, October 15, 2003 3:29 PM
To: 'osheroffm@sec.gov'; 'krauskopfa@sec.gov'
Cc: Dye, Alan L.
Subject: SEC update

<<1818886_1.DOC>> For your information.

This electronic message transmission contains information from the law firm of Hogan & Hartson L.L.P. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

01/21/2005

SEC 0815

Analysis

The Third Circuit's rulings place in jeopardy transactions under Rule 16b-3 that do not have a clear compensatory purpose, as well as transactions pursuant to reclassifications under Rule 16b-7 that disturb the proportionate equity interests of security holders. Although the rulings are contrary to positions expressed by courts in the Second Circuit, they have the potential to cause great harm to insiders of companies who can be sued in the Third Circuit. Because the majority of public companies are domiciled in Delaware, which is within the Third Circuit, a large number of corporate insiders are vulnerable to Section 16(b) lawsuits in that Circuit.

Although there is little that can be done under present circumstances to protect persons who engaged in transactions of the type described in *Levy* that are still within the two-year statute of limitations for bringing suit under Section 16(b), there are some steps that companies can take to protect their insiders from suit in the Third Circuit with respect to transactions that have not yet occurred:

- Companies should caution their insiders who intend to engage in transactions of the type in jeopardy under the rulings in *Levy* to avoid any opposite-way transactions within six months of such transactions. Only if there is an opposite-way transaction within a short-swing period can there be liability under Section 16(b).

- Companies should make an effort to identify a compensatory purpose for transactions with their officers and directors that do not occur under benefit plans of the company, and should state that purpose in any resolution by the board of directors or board committee approving the transaction for purposes of Rule 16b-3. Although there are some transactions for which this may not be realistic, such as those arising in connection with mergers and other events affecting all shareholders as a body, the effort nonetheless should be made.

- Companies whose insiders may be vulnerable to suit in the Third Circuit should, where appropriate, resurrect a technique that was no longer believed necessary after favorable SEC and court rulings regarding the availability of Rule 16b-3 for mergers and acquisitions. This technique is based on the fact that persons scheduled to become directors and officers of the acquiror at the time of a merger are not subject to liability for transactions that occur before they take office. Acquisitions in the merger by these persons can be shielded from liability, without the need to rely on Rule 16b-3, by stating in the merger agreement that the persons will take office *after* the merger has become effective.

Possible SEC Relief

There is a reasonable possibility that the SEC will take rulemaking action to blunt the rulings in the *Levy* case. The SEC believes the Third Circuit's interpretations of the two rules in question were incorrect, having so advised the court in a brief. The SEC could implement its belief through rule amendments that add a Note to Rule 16b-3 saying that the rule does not require a compensatory purpose, and inserting in the lead paragraph of Rule 16b-7 a reference to reclassifications as being among the transactions covered by the rule. These rule amendments, if styled by the SEC as clarifications that simply make explicit what the rules have always meant, would effectively nullify the Third Circuit's rulings, and should result in the dismissal of any lawsuits based on those rulings.

2

SEC 0816

For more information about the matters discussed in this *SEC Update*, please contact the Hogan & Hartson L.L.P. attorney with whom you work, any of the attorneys below who contributed to this Updates, or any of the attorneys who are part of our securities group listed at http://www.hhlaw.com/secattorneys/.

Peter J. Romeo (Co-Editor)
pjromeo@hhlaw.com

Alan L. Dye
aldye@hhlaw.com

Richard J. Parrino (Co-Editor)
rjparrino@hhlaw.com

-1818886

3

\\\DC - 57385/0002 - 1816886 v1

SEC 0817