IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK LEVY, MARC BRUH** <br> **and ELLIOT Y. SCHEIER** : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **UNITED STATES SECURITIES** : <br> **AND EXCHANGE** : <br> **COMMISSION,** : <br> : <br> Defendant. : <br> : | CASE NUMBER    1:06CV00269 <br> JUDGE:    Ricardo M. Urbina <br> DECK TYPE: Administrative Agency Review |

**DEFENDANT'S MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Plaintiffs Mark Levy, Marc Bruh, and Elliot Scheier ("Plaintiffs") have brought this action seeking review of Securities and Exchange Commission ("SEC" or "Commission") rules promulgated under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78s *et seq*. As set forth below, this Court lacks jurisdiction to hear this action, as the judicial review provisions of the Exchange Act provide for review exclusively in the federal courts of appeals. Under 28 U.S.C. 1631, a district court may transfer to a court of appeals an action filed in the district court seeking review of agency rule-making, whenever such review properly lies in a court of appeals. The SEC therefore moves, pursuant to 28 U.S.C. 1631, that this Court transfer this action to the D.C. Circuit.[1]

---

[1] By filing this motion, the SEC is not waiving its arguments why this Complaint should be dismissed outright pursuant to either Fed. R. Civ. P. ("Rule") 12(b)(1) or 12(b)(6). Should the Court not transfer the case, the SEC will make such a motion within the 60 days allowed under Rule 12(a)(3)(A). In addition, by making this motion on the grounds stated herein, the SEC is not waiving any other jurisdictional defenses to this action.

## BACKGROUND

Plaintiffs' Complaint seeks review of amendments to SEC Rules 16b-3(d) and 16b-7 ("the Rule 16b amendments"), 17 C.F.R. 240.16b-3(d) and 17 C.F.R. 240.16b-7, which exempt certain transactions from the private right of action to recover short-swing profits provided by Section 16(b) of the Exchange Act, 15 U.S.C. 78p(b) ("Section 16(b)"). These amendments, and related amendments to the disclosure requirements of Item 405 of Regulations S-K and S-B, were promulgated pursuant to the SEC's rule-making and exemptive authority under Sections 3(a), 3(b), 10(a), 12(h), 13(a), 14, 16, 23(a) and 36 of the Exchange Act, and other statutes administered by the Commission.[2]  See 70 Fed. Reg. at 46087.  The Commission adopted the amendments to clarify the scope of exemptions to the two rules, consistent with previous statements by the Commission.  See 70 Fed. Reg. 46080.

Plaintiffs purport to challenge the Rule 16b amendments on the ground that they exceed the SEC's exemptive authority under Section 16(b) of the Exchange Act and Section 706 of the APA, 5 U.S.C. 706(2)(C).  Complaint ¶¶ 73-77.  Plaintiffs also allege that the SEC failed to provide a thorough explanation for the amendments, in derogation of its obligations under the APA and the

---

In filing this motion, the SEC also is not waiving any of its arguments as to why Plaintiffs' challenge may not proceed in the Court of Appeals, but would make these arguments to the Court of Appeals, which is the only court that has jurisdiction over this action.

[2]   The amendments also were adopted pursuant to Section 19(a) of the Securities Act of 1933, 15 U.S.C. 77s(a); Sections 17 and 20 of the Public Utility Holding Company Act of 1935, 15 U.S.C. 79q and 79t; Sections 30 and 38 of the Investment Company Act of 1940, 15 U.S.C. 80a-29 and 80a-37; and Section 3(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. 7202(a).

Exchange Act. Id. ¶¶78-81. In addition, Plaintiffs allege that the Commission did not respond adequately to commenters' objections to the amendments, and that the Commission exceeded its authority under the APA by promulgating retroactive legislative rules. Id. ¶¶82-90. Plaintiffs seek declaratory relief invalidating the Rule 16b amendments. Plaintiffs allege that this Court has jurisdiction under the Exchange Act (without identifying a specific provision) and under the APA. Id. ¶6.

## ARGUMENT

**I.      This Court Lacks Subject Matter Jurisdiction, As Review of Exchange Act Rule-making Is Available Only in the United States Court of Appeals.**

As noted above, the Rule 16b amendments were promulgated pursuant to the SEC's authority under the Exchange Act, and Plaintiffs have alleged that jurisdiction exists under the Exchange Act. See Complaint ¶6. The judicial review provision of the Exchange Act, however, provides that "[a]ny person aggrieved by a final order of the Commission entered pursuant to this title may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit . . . ." 15 U.S.C. 78y. The term "order," as used in the judicial-review provisions of statutes administered by agencies, has consistently been construed to encompass any agency action reviewed on the administrative record – including rule-making. See, e.g., Investment Co. Inst. v. Board of Governors, Fed. Reserve Sys. ("ICI"), 551 F.2d 1270, 1278 (D.C. Cir. 1977) (construing the term "order" in a statute giving the court of appeals jurisdiction to review "an order of the Board" to mean "any agency action capable of review on the basis of the administrative record").[3]

---

[3]     See also United States v. Dunifer, 219 F.3d 1004, 1006-07 (9th Cir. 2000) (district court lacks jurisdiction to entertain challenge to FCC regulations where statute gave court of

Where an agency action is capable of review on the administrative record, such as with the rule-making at issue here,[4] absent some explicit statutory directive to the contrary, review is available only in the courts of appeals. This principle recognizes that where review may be conducted on the administrative record, it would be duplicative and wasteful to have a district court, and then a court of appeals, perform an identical on-the-record review. Thus,

> jurisdictional provisions that place initial review in the courts of appeals . . . avoid the waste attendant upon this duplication of effort. . . . Absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts, we will not presume that Congress intended to depart from the sound policy of placing initial APA review in the courts of appeals.

Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744-45 (1985) (citations omitted). Section 25(a) of the Exchange Act expressly contemplates such on-the-record review. See 15 U.S.C. 78y(a)(2) (noting that, if a petition for review is brought in a court of appeals, the SEC "shall file in the court the record on which the order complained of is entered").

As noted above, the Rule 16b amendments also were promulgated pursuant to Section 19(a) of the Securities Act of 1933 ("Securities Act), 15 U.S.C. 77s(a), Sections 30 and 38 of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. 80a-29 and 80a-37, and Sections 17 and 20

---

appeals exclusive jurisdiction over "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC]"); In re FCC, 217 F.3d 125, 139 (2d Cir. 2000) (same); United States v. Any & All Radio Station Transm. Equip., 207 F.3d 458, 463 (8th Cir. 2000) (same); Sima Prods. Corp. v. McLucas, 612 F.2d 309, 312-13 (7th Cir. 1980) (court of appeals had exclusive jurisdiction over challenge to an FAA regulation under statutory provision providing for judicial review of "order").

4   See Camp v. Pitts, 411 U.S. 138, 142 ("the focal point for judicial review should be the administrative record already in existence"); EDF v. Reilly, 909 F.2d 1497, 1505 (D.C. Cir. 1990) (affirming denial of request for review of rule-making, noting that "APA review, save in rare instances, must be conducted on the administrative record"); Clark v. CFTC, 170 F.3d 110, 114 (2d Cir. 1999).

of the Public Utility Holding Company Act of 19305 ("PUHCA"), 15 U.S.C. 79q and 79t, each of which have (or had, in the case of PUHCA, which was repealed on August 8, 2005) judicial review provisions virtually identical to Section 25(a) of the Exchange Act. See 15 U.S.C. 77i; 15 U.S.C. 80a-43; 15 U.S.C. 79x.  At least one court has held that challenges to the SEC's promulgation of final rules under the ICA can be brought only in the courts of appeals. See DH2, Inc. v. SEC, Docket No. 04 C 789, Hearing Tr. at 8 (N.D. Ill. May 13, 2004) ("jurisdiction [for judicial review under the ICA is] committed to the Court of Appeals [and] absent here in the District Court") (attached as Exhibit 1).  In challenges to SEC rules promulgated pursuant to PUHCA, appellate jurisdiction was undisputed. See National Ass'n of Regulatory Util. Comm'rs v. SEC, 63 F.3d 1123 (D.C. Cir. 1995) (denying, on the merits, petition challenging SEC rules); City of New Orleans v. SEC, 137 F. 3d 638, 639 (D.C. Cir. 1998) (dismissing petition challenging an SEC rule because motion for reconsideration filed with SEC was still pending when City petitioned for review)

This Court should therefore interpret the word "order" in Section 25(a) of the Exchange Act to encompass any judicial review of SEC rule-making done pursuant to the Exchange Act, including the Rule 16b amendments.

As the Exchange Act vests jurisdiction solely with the courts of appeals, Plaintiffs cannot evade this result by invoking the APA.  First, as noted above, courts have held consistently that jurisdiction for on-the-record review done pursuant to the APA is properly vested with the courts of appeals. See Lorion, 470 U.S. at 744-45.  Moreover, even assuming that the APA, standing alone, conferred district court jurisdiction to review an order, specific grants of exclusive appellate jurisdiction like that found in Section 25(a) of the Exchange Act prevail over the more general provisions of the APA.  See Telecommunications Research & Action Ctr. ("TRAC") v. FCC, 750

F.2d 70, 77-78 (D.C. Cir. 1984); American Benefits Group, Inc. v. NASD, 1999 WL 605246, *1-5 (S.D.N.Y. Aug. 10, 1999)(challenge under APA to SEC's approval of new NASD rules dismissed for lack of subject matter jurisdiction where Section 25(a) of Exchange Act provided for review in the courts of appeal).[5]  In TRAC, the court noted that §703 of the APA, which authorizes district court review of agency rule-making actions, does not confer jurisdiction on the district court where the relevant statutory scheme provides for review in the courts of appeals. Id. at 78.  Thus, the APA does not confer district court jurisdiction for Plaintiffs' Complaint.

## II.  The Court Should Transfer Plaintiffs' Complaint to the D.C. Circuit.

As Plaintiff can only challenge the Rule 16b amendments, if anywhere, in a United States Court of Appeals, this Court should transfer the Complaint to the D.C. Circuit pursuant to 28 U.S.C. 1631.  That statute provides:

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Here, rather than engage in duplicative litigation over a Complaint for which district-court jurisdiction is lacking, the Court should transfer this case to the District of Columbia Circuit.  Courts have recognized that it is appropriate, under Section 1631, to transfer to the appropriate court of appeals an action seeking review of agency rule-making.  See, e.g., DH2, Inc. v. SEC, Judgment at

---

[5]  See also ICI, 551 F.2d at 1279; Assure Competitive Transp. Inc. v. United States, 629 F.2d 467, 471 (7th Cir. 1980) ("a special statute vesting jurisdiction in a particular court cuts off jurisdiction other courts might have under a more general statute").

1 (May 13, 2003) (transferring case to Seventh Circuit) (attached as Exhibit 2); <u>DH2, Inc. v. SEC</u>, Hearing Tr. at 10-11 (explaining basis for transferring to Seventh Circuit the challenge by DH2 to SEC rule-making under the ICA); <u>Jamison v. FTC</u>, 628 F. Supp. 1548, 1552 (D.D.C. 1986) ("[w]hen a district court lacks jurisdiction by virtue of <u>TRAC</u>, the correct response is to transfer the case to the court of appeals under 28 U.S.C. §1631"); <u>Oil Chem. & Atomic Workers v. Skinner</u>, 724 F. Supp. 1264, 1266-68 (N.D. Cal. 1989) (transferring complaint that sought review of Department of Transportation rules, which were subject to review exclusively in courts of appeals under judicial review provision providing for review of "orders").[6]

---

[6]    Cf. <u>Calumet Indus. v. Brock</u>, 807 F.2d 225, 227 (D.C. Cir. 1986) (noting that district court had transferred to the D.C. Circuit, pursuant to 28 U.S.C. 1631, petitioners' APA challenge to notice of interpretation issued by OSHA).

**CONCLUSION**

      For the foregoing reasons, the Commission requests that this Court transfer the Complaint to the District of Columbia Circuit.  A proposed order is attached.

                    Respectfully submitted,

                    RICHARD M. HUMES, D.C. Bar No. 271627
                    Associate General Counsel


                    _____/s/_____


                    THOMAS J. KARR, D.C. Bar No. 426340
                    Special Trial Counsel

                    LAURA WALKER, D.C. Bar No. 445455
                    Senior Counsel

                    UNITED STATES SECURITIES
                    AND EXCHANGE COMMISSION
                    100 F Street, N.E.
                    Washington, D.C.  20549-9612
                    (202) 551-5180
                    (202) 772-9263 (fax)

Dated:  March 21, 2006

CERTIFICATE OF SERVICE

I, Laura Walker, hereby certify that on March 21, 2006, I caused the foregoing Motion to Transfer this Action to the United States Court of Appeals for the District of Columbia Circuit to be served upon the following by overnight mail:

>Ximena Skovron
>ABRAHAM FRUCHTER & TWERSKY  LLP
>One Penn Plaza, Suite 2805
>New York, New York 10119

_____
Laura Walker