UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LEVY, MARC BRUH and ELLIOT Y. SCHEIER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | )<br>)<br>)<br>)  Case No. 1:06-cv-269-RMU<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES COURT OF APPEALS FOR THE <u>DISTRICT OF COLUMBIA CIRCUIT</u>**

Plaintiffs Mark Levy, Marc Bruh, and Elliott Y. Scheier ("Plaintiffs") respectfully submit this Memorandum of Law in Opposition to Defendant's Motion to Transfer This Action to the United States Court of Appeals for the District of Columbia Circuit.

### **FACTUAL BACKGROUND**

Plaintiffs filed this declaratory action on February 14, 2006 challenging the promulgation of new SEC Rule 16b-3, 17 C.F.R. § 200.16b-3 ("New Rule 16b-3"), and new SEC Rule 16b-7, 17 C.F.R. § 200.16b-7 ("New Rule 16b-7" and together with New Rule 16b-3, the "New Rules") by the Securities and Exchange Commission ("SEC" or the "Commission"). The Complaint alleges that in adopting the New Rules, the SEC exceeded the limited rulemaking authority delegated to it by Congress in Section 16(b) of

1

the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78p(b) ("Section 16(b)") and violated provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*

The New Rules are a direct outgrowth of the desire of members of the Commission's staff to accommodate the interests of corporate insider defendants following an unfavorable decision by the U.S. Court of Appeals for the Third Circuit in *Levy v. Sterling Holding Co.*, 314 F.3d 106 (3d Cir. 2002), *cert. denied*, 124 S. Ct. 389 (2003). Documents obtained by Plaintiffs' counsel pursuant to a Freedom of Information Act ("FOIA") lawsuit demonstrate that a lobbyist lawyer working for the defendants requested that the SEC promulgate the New Rules as "clarifying amendments" in order to overturn the *Levy* decision and for the purpose of having the New Rules applied retroactively.[1] This effort to characterize the New Rules as clarifying/interpretive rules was made notwithstanding the fact that the SEC (i) specifically invoked its legislative authority in adopting the New Rules, (ii) has elsewhere stated that it only adopts legislative rules, (iii) has purported to follow notice-and-comment procedures to adopt the New Rules, and (iv) has extensively re-written the previously existing rules.

In fact, the New Rules are not merely "clarifying" the scope of the rules as originally written, but constitute a radical departure from the long understood scope of Section 16(b) and the exemptions afforded by those rules. These acts by the SEC go far beyond the scope of permissible agency action especially given the well-established constraints on the Commission's authority with respect to Section 16(b). The SEC has

---

[1] The documents are attached as Exhibits A-C to the Complaint.

2

neither adjudicative nor enforcement authority with respect to Section 16(b). Moreover, its authority to exempt transactions by rule or regulation is limited to those short-swing transactions not comprehended within the purpose of Section 16(b) in that they do not provide corporate insiders with an opportunity for speculative abuse. As set forth in Plaintiffs' Complaint and in the Third Circuit's decision in *Levy*, the transactions exempted by the New Rules are rife with opportunity for speculative abuse and are, thus, clearly contemplated within the purpose of Section 16(b).

Although the SEC took almost three years from the time *Levy* was decided to adopt the New Rules, it has failed to identify a rational basis for its rulemaking. Instead, the sole stated reason for the SEC's action is its conclusory assertion that the Third Circuit incorrectly interpreted: 1) the relevant language of Rule 16b-3 and 16b-7 as originally adopted; 2) the legislative purpose of Section 16(b); 3) the SEC's interpretive releases accompanying the adoption of those rules; and 4) the various other materials the Third Circuit carefully reviewed before making its decision, including SEC no-action letters, Section 16(b) treatises interpreting the scope of the rules and applicable case law.

Now, in an effort to avoid a decision on the merits in this Court, the Commission seeks immediate transfer of this action to the Court of Appeals on grounds that would result in dismissal of this action. The SEC's efforts to obtain a transfer, however, as demonstrated below, lacks any basis in the law. Therefore, the SEC's requested relief should be denied in its entirety.

3

## **ARGUMENT**

### A.     **Jurisdiction Lies in This Court**

The SEC's argument turns on its mistaken assertion that the New Rules are not, in fact, rules, but "orders" and, therefore, are governed by Section 25(a), which deals with judicial review of final orders. Defendant makes this argument in order to trigger the "60-day rule" contained in Section 25(a) that limits judicial review of final orders to 60 days within their issuance by the agency. *See* 15 U.S.C. § 78y(a). There is no such corresponding limitation for a challenge to rules issued pursuant to Section 16(b) of the Exchange Act. *See* Section 25(b) of the Exchange Act, 15 U.S.C. § 78y(b).

However, the New Rules are not orders but instead "rules" as those terms are understood and used in the APA. As such, the relevant statutory jurisdictional provision contained in the Exchange Act is Section 25(b), which sets forth procedures for challenges to certain SEC rules, and not Section 25(a), as Defendant asserts, which deals solely with the review of final orders.

#### 1.     **The New Rules Are Rules, Not Orders**

In the first line of its brief, Defendant concedes that Plaintiffs' challenge concerns SEC "rules" (not orders). *See* Defs. Br. at 1. Moreover, in its rulemaking, Defendant has characterized its action as a "final rule." *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 70 Fed. Reg. 46080 (Aug. 9, 2005) ("Action: Final rule"). It also purported to follow the notice-and-comment procedures set forth in the APA, which only apply to rulemaking, and not the issuance of adjudicative orders. *See* 5 U.S.C. § 553(b).

A "rule" is defined broadly in the APA as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . ." 5 U.S.C. § 551(4). Here, the New Rules seek to expand existing exemptions for insiders and, therefore, effectuate a change in the law. Even if viewed as "clarifying" or procedural rules rather than substantive rules, such rules are also within the definition of a "rule" contained in 5 U.S.C. § 551(4).

Moreover, the New Rules are plainly not "orders" as that term is defined in the Administrative Procedure Act. The APA establishes a clear distinction between rulemaking (the agency process for "formulating, amending, or repealing a rule," 5 U.S.C. § 551(5)) and adjudication (the "agency process for the formulation of an order," 5 U.S.C. § 551(7)). An "order" is in turn defined as "the whole or a part of a final disposition of an agency in a matter other than rule making." 5 U.S.C. § 551(6). The Supreme Court has recognized that these definitions reflect Congressional intent that there be a link between the agency action in question and a disposition or adjudication between parties before the agency action may be deemed an "order." *See International Tel. & Tel. Corp., Communications Equip. & Sys. Div.*, 419 U.S. 428, 443, 95 S. Ct. 600, 42 L. Ed. 2d 558 (1975) ("when Congress defined "order" in terms of a "final disposition," it required that "final disposition" to have some determinate consequences for the party to the proceeding.").

Here, however, the promulgation of the New Rules did not by any stretch of the imagination involve an adjudication between any parties nor a final "disposition." In fact, the SEC lacks adjudicative authority over Section 16(b) and therefore ***has no power***

5

*to issue orders with respect to that statute. See Gollust v. Mendell*, 501 U.S. 115, 122 (1991). Instead, the SEC may only issue exemptions to Section 16(b) by "rules and regulations." *See* 15 U.S.C. § 78p(b). Section 16(b) in this sense is unique among the securities laws, because Congress has entrusted sole enforcement power for Section 16(b) violations to issuers and in the event issuers fail to bring suit, to shareholders such as Plaintiffs here. *See* 15 U.S.C. § 78p(b); *see also* Gollust, 501 U.S. at 122.[2]

### 2. Judicial Review of This Action is Governed by Section 25(b) of the Exchange Act

The starting point of the jurisdictional analysis for a challenge to an agency action is Section 703 of the APA, entitled "Form and venue of proceedings," which sets forth the required form and venue of proceedings for such challenges:

> The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute *or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction.* If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

5 U.S.C. § 703 (emphasis added).

Thus, jurisdiction is established by a "statutory review proceeding" as specified by the applicable statute, or, in the absence of such, an action for, *inter alia*, declaratory judgment in a court of competent jurisdiction. Here, Section 25 of the Exchange Act sets

---

[2] Indeed, if in fact the rules being challenged are orders as the SEC claims, then the SEC necessarily concedes that it has acted outside its statutory authority in promulgating them.

6

forth two forms of statutory review proceedings. *See* 15 U.S.C. § 78y. The first, relied on by Defendant, is found in Section 25(a) and establishes the judicial review procedure for "Final commission orders." *See* 15 U.S.C. § 78y(a). The second, found in Section 25(b), establishes the judicial review procedure for "Commission rules." *See* 15 U.S.C. § 78y(b). Section 25(b) provides in relevant part:

> (b) Commission rules; persons adversely affected; petition; record; affirmance, enforcement, or setting aside of rules; findings; transfer of proceedings.
>
> (1) A person adversely affected by a rule of the Commission promulgated pursuant to section 6, 9(h)(2), 11, 11A, 15(c)(5) or (6), 15A, 17, 17A, or 19 of this title [15 USCS § 78f, 78i(h)(2), 78k, 78k-1, 78o(c)(5), (6), 78 o-3, 78q, 78q-1, or 78s] may obtain review of this rule in the United States Court of Appeals for the circuit in which he resides or has his principal place of business or for the District of Columbia Circuit, by filing in such court, within sixty days after the promulgation of the rule, a written petition requesting that the rule be set aside.

15 U.S.C. § 78y(b).

In its Adopting Release, the SEC identified a number of statutory provisions from the Exchange Act, the Securities Act of 1933, the Investment Company Act of 1940, the Public Utility Holding Company Act of 1935 ("PUHCA"), and the Sarbanes-Oxley Act as the bases for its promulgation of the New Rules, as well as for its amendments to Item 405 of Regulations S-K and S-B, which pertain to filings under the Securities Act of 1933 and the Exchange Act. The relevant Exchange Act sections identified were Sections 3, 10, 12, 13, 14, 16, 23 and 36. *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 70 Fed. Reg. 46080, 46087 (Aug. 9, 2005) ("Adopting Release"). However, none of these sections are

7

enumerated in the statutory review provisions of Section 25(b).[3] *See* 15 U.S.C. § 78y(b), *supra*.

The specific exclusion from Section 25(b)'s judicial review procedures before the Courts of Appeal for rules promulgated pursuant to Section 16 and the seven other statutes upon which the SEC relied in promulgating the New Rules firmly establishes that Congress did not intend for Section 25(b)'s review procedures to apply to actions seeking judicial review of rules promulgated pursuant to such statutory provisions. *See Ohio ex rel. Krouse v. Securities & Exchange Comm'n*, No. C-2-80-111, 1980 U.S. Dist. LEXIS 15191, at *2-3 (S.D. Oh. 1980) (concluding that jurisdiction was properly in the district court under Section 25(b) of the Exchange Act where challenged rule was not promulgated pursuant to one of the enumerated sections in Section 25(b)).

Indeed, under the well-recognized principle of statutory construction "*expressio unius est exclusio alterius*," or "the mention of one thing implies the exclusion of another thing,' the inclusion of the enumerated Exchange Act sections in Section 25(b) implies the intended exclusion of all other Exchange Act sections. *See, e.g., Halverson v. Slater*, 129 F.3d 180, 185-86 (D.C. Cir. 1997) (rejecting interpretation of statute advanced by the Department of Transportation Secretary and invoking *expressio unius* canon of construction, concluding that Congress intended to exclude a particular item when it specifically included others in the statute at issue).

---

[3] Moreover, none of the other Acts (aside from the Exchange Act) pursuant to which the SEC promulgated Item 405 and the New Rules provide a specific statutory review procedure for SEC rulemaking. See 15 U.S.C. § 77i (jurisdiction for judicial review of orders); 15 U.S.C. § 80a-43 (jurisdiction for "violations of this title or the rules, regulations, or orders thereunder . . ."); 15 U.S.C. § 79x (repealed).

Where there is no review procedure specified by statute, the appropriate venue for an agency challenge is "a court of competent jurisdiction." *See* 5 U.S.C. § 703. The District Courts are courts of competent jurisdiction and, therefore, have jurisdiction over challenges to agency action where, as here, there is no specific statutory provision to the contrary. *See In re Spaulding Broadcasting, L.P.*, No. 96-1179, 1996 U.S. App. LEXIS 20330, at *1 (D.C. Cir. July 25, 1996) ("Absent a statute vesting jurisdiction in the court of appeals, jurisdiction generally lies in the district court.") (citing *International Brotherhood of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994); *Public Citizen v. FTC*, 829 F.2d 149, 150 (D.C. Cir. 1987) (*per curiam*); *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979)); *Workplace Health & Safety Council v. Reich*, 56 F.3d 1465, 1467 (D.C. Cir. 1995) ("Absent some express statutory directive to the contrary, persons seeking review of agency action go first to district court [under APA Section 703] rather than to a court of appeals.'") (quotations omitted). Therefore, jurisdiction in this action lies in this Court.

        **3.**      **Defendant's Position Undermines the Statutory Structure of Section 25**

In enacting subsection (b) of Section 25, Congress signaled its intent that petition for review procedures in the Court of Appeals be available for some, but not all, rules. To ignore this provision that specifically limits such petition for review proceedings to rules promulgated pursuant to specific statutory sections, and instead apply a provision intended to only apply to review of agency orders as Defendant advocates, is inconsistent with the legislative intent and contravenes the cardinal principle of statutory construction that a statute should not be construed in a manner that renders any portion of

9

it superfluous. *See, e.g., New York v. EPA*, No. 03-1380, 2006 U.S. App. LEXIS 6598, at *20 (D.C. Cir. Mar. 17, 2006) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.")) (quotations omitted); *RCA Global Communications, Inc. v. FCC*, 758 F.2d 722, 733 (D.C. Cir. 1985) (rejecting interpretation that "would deprive [the provision] of all substantive effect, a result self evidently contrary to Congress' intent"). It would be nonsensical for Congress to have specified a judicial review procedure in the Court of Appeals required for rulemaking pursuant to only certain statutory sections in Section 25(b), and then nonetheless require all other rules to be interpreted as "orders" subject to Section 25(a)'s judicial review procedure vesting exclusive jurisdiction in the Court of Appeals. If that were Congress's intent, it surely would have simply enacted one statutory jurisdictional provision vesting exclusive jurisdiction in the Court of Appeals for all "orders, regulations and rules." Thus, there is no set of circumstances under which Section 25(a) could possibly apply to judicial review of SEC rulemaking.

The cases cited by Defendant are irrelevant here because none of those cases involve the issue of jurisdiction with respect to challenges to SEC rulemaking pursuant to the statutory sections specifically enumerated by the SEC in its Adopting Release as providing the basis for promulgation of the New Rules. For instance, in *City of New Orleans v. SEC*, 137 F.3d 638 (D.C. Cir. 1998), the regulations at issue were promulgated pursuant to PUHCA, and the court dismissed the case not because the district court lacked jurisdiction over the particular challenge at issue, but because the

party was seeking judicial relief and administrative relief simultaneously, a situation that is not implicated in the present case. *Id.* at 639.

Moreover, Defendant has cited no authority suggesting that jurisdictional provisions that specify review procedures for orders should govern rules where, as in this case, there is a specific jurisdictional provision that governs rules. For instance, *Investment Co. Inst. v. Board of Governors, Fed. Reserve Sys.*, 551 F.2d 1270 (D.C. Cir. 1977) dealt with the Bank Holding Company Act of 1956, which empowered the Federal Reserve Board to act by "order or regulation," but only contained a jurisdictional provision relating to the agency's "orders" which vested exclusive jurisdiction in the Court of Appeals. *Id.* at 1272-73 & n.3. Unlike in the present case, ***there was no jurisdictional statute addressing judicial review of rules****. Id.* at 1278. The court thus broadly construed the term "order" to encompass regulations and concluded that the jurisdictional provision for agency orders applied to those regulations.

The term "order" however, cannot be construed to cover all forms of agency action, as Defendants would have it. *See Kixmiller v. SEC*, 492 F.2d 641, 645 n.24 (D.C. Cir. 1974) ("§ 25(a) of the Securities Exchange Act of 1934, which sets our jurisdiction, 'applies in terms only to 'orders,' a narrower concept than that of 'agency action' reviewable in district courts. . . .'") (citing *Independent Broker-Dealers' Trade Ass'n v. SEC*, 442 F.2d 132, 143 (D.C. Cir. 1971)). While the D.C. Circuit Court has recognized that the concept of the term "order" is not "frozen" it has also stated very clearly that "Section 25(a) applies in terms only to 'orders,' a narrower concept than that of 'agency action' reviewable in district courts, ***and is available only to persons who were 'parties' to actual agency 'proceedings.'***" *Independent Broker-Dealers'*, 442 F.2d at 143

11

(emphasis added). Here, as discussed above, Plaintiffs were plainly not parties to any agency proceedings.

Moreover, here, and in stark contrast to *Investment Company Institute*, there is a specific jurisdictional statute, Section 25(b), that is intended to govern challenges to rulemaking. The deliberate exclusion of Section 16 and the seven other sections the SEC relies on as authority for promulgating the New Rules does not mean that Congress intended the jurisdictional provision regarding orders to govern such rules, and there is no evidence – and Defendant has presented none - - that Congress so intended. To the contrary, the law is well-settled that in the absence of any specific jurisdictional provision, the APA's default rule applies to vest jurisdiction in the District Courts. *See, e.g., Reich*, 56 F.3d at 1467.

*Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744-45 (1985), is also inapposite. *Florida Power* concerned a citizen petition for review of a license granted by the Nuclear Regulatory Commission. The jurisdictional statute in that case provided in relevant part that "the courts of appeals have exclusive jurisdiction over petitions seeking review of 'all final orders of the Atomic Energy Commission [now the Nuclear Regulatory Commission] made reviewable by section 2239 of title 42.'" The denial of the petition for review was held to be such a final order. *Id.* at 737. The jurisdictional statute in this action, however, does not provide that the Court of Appeals has exclusive jurisdiction over petitions for review regarding all rules, but only certain enumerated rules, none of which are relevant to this action. *See* 15 U.S.C. § 78y(b). Moreover, the instant action does not challenge the issuance of an order but the issuance of the New Rules; therefore, Section 25(a) is inapplicable.

The portion of the *Florida Power* decision quoted by Defendant also does not help it because here, there is a "firm indication" that Congress intended to lodge initial APA review of SEC rulemaking with respect to Section 16(b) in the District Courts, by specifically excluding rules promulgated pursuant to Section 16(b) from the petition for review procedure before Court of Appeal set forth in Section 25(b). *See Halverson*, 129 F.3d at 185-86.

## CONCLUSION

Therefore, for the reasons set forth above, the Commission's motion should be denied in its entirety and this Court should retain jurisdiction over this action pursuant to 15 U.S.C. § 78y(b).

Dated: April 3, 2006     By:  /S/
                              Scott A. Hodes, Attorney At Law
                              (D.C. Bar No. 430375)
                              Post Office Box 42002
                              Washington, D.C. 20015
                              Telephone: (301) 404-0502
                              Facsimile: (413) 641-2833

                         **ABRAHAM FRUCHTER & TWERSKY LLP**


                         By:  /S/
                              Mitchell M.Z. Twersky
                              (Admitted *pro hac vice*)
                              Jeffrey S. Abraham
                              Ximena R. Skovron
                              One Penn Plaza, Suite 2805
                              New York, NY 10119
                              Telephone:   (212) 279-5050
                              Facsimile:   (212) 279-3655