**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARK LEVY, MARC BRUH** | : | |
| **and ELLIOT Y. SCHEIER** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CASE NUMBER    1:06CV00269** |
| | : | **JUDGE:    Ricardo M. Urbina** |
| **UNITED STATES SECURITIES** | : | **DECK TYPE: Administrative Agency Review** |
| **AND EXCHANGE** | : | |
| **COMMISSION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**REPLY OF THE SECURITIES AND EXCHANGE COMMISSION TO**
**PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER**

**INTRODUCTION**

The Securities and Exchange Commission ("SEC" or "Commission") hereby files its

Reply to Plaintiffs' Opposition to Defendant's Motion to Transfer This Action to the United

States Court of Appeals for the District of Columbia Circuit ("Opposition").

Plaintiffs argue in their Opposition that, because the SEC's Rule 16b amendments, 17

C.F.R. 240.16b-3(d) and 17 C.F.R. 240.16b-7, are agency "rules," their challenge must be heard

in district court under Section 703 of the Administrative Procedure Act ("APA"), 5 U.S.C. 703.

This court should reject Plaintiffs' arguments because Section 25(a) of the Securities Exchange

Act of 1934 (the "Exchange Act"), 15 U.S.C. 78y(a), provides that "final orders" of the

Commission are reviewable in the court of appeals, and long-standing precedent in this circuit

holds that the term "order," as used in judicial-review provisions, encompasses rule-making.

Plaintiffs' action should be transferred to the D.C. Circuit to avoid the waste and expense that

would result if this court, and then the court of appeals, were to perform identical reviews of the administrative record related to the adoption of the Rule 16b amendments.

## ARGUMENT

Section 703 of the APA provides that "in the absence or inadequacy" of a special statutory review provision, a challenge to agency action shall be heard "in a court of competent jurisdiction," generally a district court.  See Workplace Health & Safety Council v. Reich, 56 F.3d 1465, 1467 (D.C. Cir. 1995).  Here, Plaintiffs are not entitled to district-court review of the Rule 16b amendments under the APA because Section 25(a) of the Exchange Act contains a special statutory review provision for Commission "orders" and Plaintiffs have not demonstrated (nor can they) that this review process is inadequate.  See Telecommunications Research and Action Ctr. ("TRAC") v. FCC, 750 F.2d 70, 77-78 (D.C. Cir. 1984) (Section 703 of the APA does not confer jurisdiction on the district court where the relevant statutory scheme provides for review in the courts of appeals).

> A.    Under Section 25(a) of the Exchange Act, Review of Commission Rules Is Available Only in the Court of Appeals.

Section 25(a) of the Exchange Act provides that "[a]ny person aggrieved by a final order of the Commission entered pursuant to this title may obtain review of the order in the United States Court of Appeals . . . ."  As the SEC previously noted in the Motion to Transfer, the D.C. Circuit, and other courts, have long interpreted the term "order", as used in the judicial-review provisions of statutes administered by agencies, to include any agency action reviewed on the administrative record – including rule-making.  See, e.g., Investment Co. Inst. v. Board of Governors, Fed. Reserve Sys. ("ICI"), 551 F.2d 1270, 1278 (D.C. Cir. 1977); United States v.

Dunifer, 219 F.3d 1004, 1006-07 (9th Cir. 2000); Sima Products Corp. v. McLucas, 612 F.2d 309,

312-13 (7th Cir. 1980). Hence, the fact that the Rule 16b amendments are "rules" – a fact that the

SEC has never denied, contrary to Plaintiffs' suggestion – does not entitle them to district court

review under the APA.

In ICI, the court directly addressed "whether a litigant [in district court] has selected an

appropriate forum for judicial review of an administrative regulation, given a statute providing

for direct review of agency "orders" in the courts of appeals." 551 F.2d at 1272. The statute in

question was Section 9 of the Bank Holding Company Act, 12 U.S.C. 1848, which was almost

identical to the "order" provisions of Section 25 of the Exchange Act in that it provided for

review in a court of appeals for "[a]ny party aggrieved by an **order** of the Board." 551 F.2d at

1273 n.3. (emphasis added). The court affirmed the district court's dismissal of the challenge to

the regulation on the ground that jurisdiction lay exclusively in the court of appeals. The court

expressly rejected an earlier line of cases, which held that "regulations promulgated after

informal rule-making were not reviewable in the courts of appeals under special jurisdictional

statutes providing for review of 'orders.'" 551 F.2d at 1276, citing United Gas Pipeline Co. v.

FPC, 181 F.2d 796 (D.C. Cir. 1950). Among the cases expressly rejected by the court was PBW

Stock Exch. v. SEC, 485 F.2d 718, 722 (3d Cir. 1973), which had held that the "order"

provisions of Section 25(a) did not authorize review in the court of appeals of Commission

regulations, unless the regulation was issued by "order" of the Commission under a statutory

provision authorizing such orders. 551 F.2d at 1276.

The court in ICI reached this result because  "a factual hearing in the district court is

unnecessary if judicial review is based upon the administrative record" and "requiring petitioners

challenging regulations to go first to the district court results in unnecessary delay and expense . . . and undesirable birfurcation of the reviewing functions between the district courts and the court of appeals. . . ."  Id.  The Supreme Court adopted this same reasoning in Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744-45 (1985), holding that the court of appeals had initial subject-matter jurisdiction over an order by the Nuclear Regulatory Commission:

> The factfinding capacity of the district court is . . . typically unnecessary to judicial review of agency decisionmaking.  Placing initial review in the district court does have the negative effect, however, of requiring duplication of the identical task in the district court and in the court of appeals; both courts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review . . . Absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts, we will not presume that Congress intended to depart from the sound policy of placing initial APA review in the courts of appeals.

Plaintiffs assert that review of Commission rules is not available under Section 25(a) of the Exchange Act by pointing to Section 25(b) of the same statute, which provides for review in the court of appeals for rules promulgated pursuant to certain sections of the Exchange Act, none of which served as authority for the Rule 16b amendments.  See Opposition at 9-10.   This argument is based on a false premise – that the granting of appellate review for certain rules under Section 25(b) precludes appellate review under Section 25(a) as to other rules.

Section 25(b) was added to the Exchange Act as part of the Securities Act Amendments of 1975, Pub. L. No. 94-29, 89 Stat. 97, which significantly revised the securities laws to foster development of a national market system for securities.  See S. Rep. No. 94-75 (1975), reprinted in 1975 U.S.C.C.A.N. 179.  In adding Section 25(b), Congress provided exclusive review in the court of appeals for regulations relating to the operation or regulation of the national market system.  In doing so, Congress noted that Section 25(b) was a "major innovation" because a right

4

to pre-enforcement review of Commission rules in the court of appeals – "the most appropriate forum for this review in light of the fact that the District Court's fact finding function is rarely necessary" – had previously not existed.  S. Rep. No. 94-75, at 36-38, 1975 U.S.C.C.A.N. at 214. While Congress noted the then-current judicial opinions precluding pre-enforcement judicial review of Commission rules, nowhere did it indicate that it intended to preclude such review for rules promulgated pursuant to other sections of the Exchange Act should subsequent judicial opinions make such review available – as is the case now.

Plaintiffs argue that principles of statutory construction require Section 25(b) to be read as precluding appeals-court jurisdiction for rules promulgated under non-enumerated sections of the Exchange Act.  Opposition at 9-10.  Had the law on judicial review of agency regulations remained the same since Section 25(b) was added in 1975, this argument might have some legitimacy.  However, accepting this argument now requires one to disregard subsequent case law in the D.C. Circuit, which completely changed the landscape of judicial review of federal agency rules and regulations.  The problem of lack of pre-enforcement judicial review of agency rules that Congress noted when it added Section 25(b) was eliminated two years later with the DC Circuit's ICI decision, which held that the purposes of a judicial review provision virtually identical to Section 25(a) would "best be served if 'order' is interpreted to mean any agency action capable of review on the basis of the administrative record."  551 F.2d at 1278.  These principles apply squarely to the SEC's "order" appellate provisions.  See American Benefits Group v. NASD, 1999 WL 605246, *1-5 (S.D.N.Y. Aug. 10, 1999) (district court challenge under APA to SEC's approval of new NASD rules dismissed for lack of subject matter jurisdiction because Section 25(a) provided for review in the courts of appeal).  And, although

5

Plaintiffs attempt to distinguish the facts of ICI from the present case by claiming that the Bank

Holding Company Act contains no provision equivalent to Section 25(b), <u>see</u> Opposition at 11,

they cite no cases that would limit the <u>ICI</u> holding to statutes that have no specific provisions for

judicial review of "rules."

　　　Plaintiffs also mischaracterize the SEC's argument as construing the term "order" to

include "all forms of agency action."  <u>See</u> Opposition at 11.  In fact, <u>ICI</u> construed the term

"order" to include only those forms of agency action that, like the Rule 16b amendments at issue

here, are capable of review on the administrative record, for the sound reason that it would be

duplicative, expensive, and wasteful to have a district court, and then an appellate court, perform

identical on-the-record reviews.  551 F.2d at 1278; <u>see also</u> <u>Florida Power & Light</u>, 470 U.S. at

744-45.[1]

　　　　B.　　<u>Plaintiffs Have Not Shown that Judicial Review of the Section 16b Amendments
　　　　　　　in the Court of Appeals Would Be Inadequate.</u>

　　　Plaintiffs do not argue that judicial review in the court of appeals would be inadequate,

nor can they.  Whether Plaintiffs' challenge be heard in the district court or the appeals court, the

nature of the review would be the same – a review of the administrative record already in

---

　　　[1]　　<u>Independent Broker-Dealers' Trade Ass'n. v. SEC</u>, 442 F.2d 132 (D.C. Cir. 1971),
which Plaintiffs cite as support for their argument, is not to the contrary.  In that case, the court
held that a letter ordering the NASD to take action (rather than a rule capable of being reviewed
on the administrative record) could not be considered an "order" subject to judicial review under
Section 25(a), and stated, in dicta, that such review was "available only to persons who were
'parties' to actual agency 'proceedings.'"  <u>Id.</u> at 143.  The court also noted, however, that "the
concept of an order subject to direct review is not frozen, and may be extended if necessary to
preserve some element of judicial supervision . . . ."  <u>Id.</u>  In fact, seven years later, the D.C.
Circuit did extend the concept of order in the <u>ICI</u> case, thereby superseding the narrower
interpretation stated in <u>Independent Broker-Dealers</u>.

existence. [2] See 5 U.S.C. 551(13), 704, 706.  If Plaintiffs's challenge is heard in district court,

however, an appeal of the district court's ruling could lead to a duplicative proceeding in the

court of appeals, which is precisely the sort of wasteful exercise the courts sought to avoid in ICI

and Florida Power and Light.  See 551 F.2d at 1276-77; 470 U.S. at 744-45.[3]

_____

[2]     The only disadvantage to Plaintiffs of review in the court of appeals is that such review would reveal the untimeliness of their challenge. Section 25(a)(1) specifies that a person aggrieved by a Commission order must file a written petition for review with the court of appeals within sixty days after entry of the order.  15 U.S.C. 78y(a)(1); Domestic Secs., Inc. v. SEC, 333 F.3d 239, 245 (D.C. Cir. 2003) (rejecting as untimely under Section 25(a)(1) petitioners' challenge to Commission's approval of NASD rules, following notice and comment, where petition was filed outside the statutory 60 day limit.  Therefore, even if their petition were deemed filed as of the date of their complaint in this court, Plaintiffs would have missed this deadline by several months, as the effective date of the Rule 16b amendments was August 9, 2005.  See 70 Fed. Reg. 46080.

[3]     Even if the administrative record were not adequate, a proceeding in the district court would not be necessary, as Section 25(a)(5) of the Exchange Act provides for remand to the Commission in the event that either party applies to the court for leave to adduce additional evidence, and shows that the additional evidence is material and there was reasonable ground for failure to adduce it before the Commission.  15 U.S.C. 78y(a)(5).

**CONCLUSION**

For the foregoing reasons, and for the reasons stated in the SEC's Motion to Transfer, the

SEC requests that this Court transfer the Complaint to the District of Columbia Circuit.


Respectfully submitted,
RICHARD M. HUMES, D.C. Bar No. 271627
Associate General Counsel


_____/s/_____


THOMAS J. KARR, D.C. Bar No. 426340
Special Trial Counsel

LAURA WALKER, D.C. Bar No. 445455
Senior Counsel

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C.  20549-9612
(202) 551-5180
(202) 772-9263 (fax)

Dated: April 10, 2006