UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LEVY, MARC BRUH and ELLIOT Y. SCHEIER,  )<br>)<br>)<br>Plaintiffs,            )<br>)<br>v.                         )<br>)<br>UNITED STATES SECURITIES AND )<br>EXCHANGE COMMISSION, )<br>)<br>Defendant.           )<br>)<br>_____ ) | Case No. 1:06-cv-269-RMU |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Plaintiffs do not believe that there is any basis in law for Defendant's Motion to Transfer This Action to the United States Court of Appeals for the District of Columbia Circuit (the "Motion to Transfer"). *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer. Therefore, no basis exists for staying the instant proceedings pending a decision on the Motion to Transfer.

Although the Court has discretion to grant a stay, a litigant is not entitled to a stay simply because he requests one as Defendant has done here. Rather, the moving party has the burden of demonstrating that a stay is necessary and that it will not result in prejudice to the other party. *See, e.g., Cuomo v. United States NRC*, 772 F.2d 972, 978 (D.C. Cir. 1985) ("On a motion for stay, it is the movant's obligation to justify the court's exercise of such an extraordinary remedy."). Only after the movant satisfies his initial burden must the Court balance the party's need for the stay against the non-

moving party's right to prosecute his action without unnecessary delay. *See Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163 (1936) and *Dellinger v. Mitchell*, 442 F.2d 782, 787 (1971)). The factors to be considered in determining whether a stay is warranted are: "(1) the likelihood that the party seeking the stay will prevail on the merits . . .; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo*, 772 F.2d at 974 (citing *WMATA v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).

Here, Defendant has not even attempted to demonstrate the existence of any one of these factors, nor presented any coherent reason that would warrant the imposition of a stay. Defendant's sole stated reason for its request is its desire to avoid filing a responsive pleading to the complaint as it - - and every other defendant - - is required to do in accordance with the time periods set forth in the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 12(a)(3)(A), Defendant as an agency of the government already receives an extended time period of 60 days – or three times the amount of time provided to all other defendants – within which to respond to the complaint. It should not be permitted to delay a decision on the merits simply because it does not wish to meet this already generous deadline.[1] If Defendant chose to waste the allotted time by filing a frivolous Motion to Transfer, it must deal with the consequences of that choice.

---

[1] Moreover, Defendant is technically already in default as an answer or responsive pleading was due on April 17, 2006 pursuant to Fed. R. Civ. P. 12(a)(3)(A).

Furthermore, Defendant's assertion that a stay will somehow "serve the interests of judicial efficiency and economy" is quite simply untrue, as there are no matters – other than Defendant's Motion to Transfer – currently pending before the Court which would result in an unnecessary expenditure of judicial resources.

On the other hand, a stay could result in substantial prejudice to Plaintiffs, who are the plaintiffs in pending actions in which the two new SEC rules that are the subject of the instant action (the "New Rules") have been raised as affirmative defenses. Briefing in each of these cases already has been completed. *See Bruh v. Bessemer Venture Partners III L.P.*, Case No. 05-5271-cv (2d Cir.); *Levy v. Sterling Holding Co.*, Case No. 00-00994 (D. Del.); *Scheier v. Rite Aid Corp.*, Case No. 03 Cv 1541 (KMW) (S.D.N.Y.). If a stay is granted, a possibility exists that the New Rules, which Plaintiffs believe violate the APA and Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)"), would erroneously be applied to relieve the defendants in the respective actions of liability.

Moreover, the instant action, which challenges the validity of the New Rules' broad new exemptions provided for insiders from the insider trading provisions of Section 16(b), is of great importance to the investing public. Section 16(b) is a prophylactic statute that was enacted in response to market abuses that were instrumental in bringing about the stock market crash which in turn caused the Great Depression. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 195 (1976). Section 16(b) categorically prohibits insider trading and requires disgorgement to the issuer of all profits earned in violation of the statute. *See* Section 16(b), 15 U.S.C. § 78p(b). However, while the issuer receives this windfall, the true aim of the statute is to "'insure the maintenance of fair and

3

honest markets' and to eliminate such trading." *Gollust v. Mendell*, 501 U.S. 115, 121 (1991) (quoting 15 U.S.C. § 78b). The public, therefore, is the ultimate beneficiary of Section 16(b) actions. As alleged in the complaint, the New Rules, which are currently in effect, do not prevent such transactions but facilitate them, permitting insiders to engage in transactions that would otherwise be prohibited by the plain language and intent of Section 16(b) and the existing SEC rules. The ultimate loser in this situation is the investing public. Accordingly, the public interest would be best served by resolving the validity of the New Rules without undue delay.

## CONCLUSION

For the foregoing reasons and the reasons stated in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Transfer, Plaintiffs respectfully request that the Court deny Defendant's motion to stay proceedings.

Dated: April 21, 2006        By: /S/
                                  Scott A. Hodes, Attorney At Law
                                  (D.C. Bar No. 430375)
                                  Post Office Box 42002
                                  Washington, D.C. 20015
                                  Telephone: (301) 404-0502
                                  Facsimile: (413) 641-2833

                                  **ABRAHAM FRUCHTER & TWERSKY LLP**
                                  *Mitchell M.Z. Twersky
                                  *Jeffrey S. Abraham
                                  *Ximena R. Skovron
                                  One Penn Plaza, Suite 2805
                                  New York, NY 10119
                                  Telephone:    (212) 279-5050
                                  Facsimile:    (212) 279-3655

*Admitted *pro hac vice*

**Attorneys for Plaintiffs**