UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LEVY, MARC BRUH<br>and ELLIOT Y. SCHEIER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:06-cv-269-RMU |

## NOTICE OF RECENT JUDICIAL DECISION

Plaintiffs Mark Levy, Marc Bruh, and Elliott Y. Scheier ("Plaintiffs") respectfully submit this Notice of Recent Judicial Decision, in further support of their opposition to Defendant's Motion to Transfer This Action to the United States Court of Appeals for the District of Columbia Circuit (the "Motion to Transfer").

Plaintiffs wish to inform the Court of a recent judicial decision by the U.S. Court of Appeals for the Second Circuit that directly addresses the jurisdiction issue raised by Defendant Securities and Exchange Commission (the "SEC") in its Motion to Transfer, and demonstrates that its position is untenable as a matter of law. The decision, rendered in *Vries, et al. v. Tower Semiconductor Ltd.*, Docket No. 04-5295-cv (2d Cir. June 1, 2006), is attached hereto as Exhibit A. *Vries* involved, *inter alia*, a challenge to the validity of SEC Rule 3a12-3.

1

The court held in *Vries* that Rule 3a12-3 is not subject to the specific judicial review procedures set forth in Section 25 of the Securities Exchange Act of 1934 (the "Act") because it was promulgated pursuant to a section of the Act that is not enumerated in Section 25(b). *See* 15 U.S.C. § 78y(b). *Vries* further held that under such circumstances, the judicial review provisions of the APA govern. *See Vries*, at 9 (quoting 5 U.S.C. § 704).

Plaintiffs' analysis on this point, which can be found on pages 6 to 9 of their opposition brief, is virtually <u>identical</u> to that of *Vries* with respect to Rules 16b-3 and 16b-7, which are being challenged in the instant action and were similarly promulgated pursuant to sections of the Act which are not enumerated in Section 25(b). As noted in Plaintiffs' opposition brief, Section 703 of the APA provides that in the absence of a special judicial review proceeding in a court specified by statute, jurisdiction lies "in a court of competent jurisdiction" which courts in this and other circuits consistently have interpreted as referring to the district courts. *See* Pls. Opp. Br. at 9 and cases cited therein.

Most significantly, *Vries* <u>directly</u> contradicts Defendant's position that the judicial review provisions for SEC orders contained in Section 25(a), rather than the APA, apply to rules promulgated pursuant to sections of the Act not enumerated in Section 25(b). The SEC's position attempts to obscure the straightforward analysis set forth in *Vries* in order to preclude judicial review of the rules being challenged in this action, based on the 60-day limitation contained in Section 25(a)(1) for filing petitions for review of orders. Its position, however, is erroneous and must be rejected.

Plaintiffs are prepared to submit supplemental briefing on this issue should the Court so desire.

Dated: June 7, 2006

By:   /S/  _____
Scott A. Hodes, Attorney At Law
(D.C. Bar No. 430375)
Post Office Box 42002
Washington, D.C. 20015
Telephone: (301) 404-0502
Facsimile: (413) 641-2833

**ABRAHAM FRUCHTER & TWERSKY LLP**
*Mitchell M.Z. Twersky
*Jeffrey S. Abraham
*Ximena R. Skovron
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Attorneys for Plaintiffs**

*Admitted *pro hac vice*