IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LEVY, MARC BRUH and ELLIOT Y. SCHEIER : <br><br>Plaintiffs, : <br><br>v.       : <br>                 : <br>UNITED STATES SECURITIES : <br>AND EXCHANGE <br>COMMISSION, : <br><br>Defendant. : | CASE NUMBER   1:06CV00269 <br>JUDGE:   Ricardo M. Urbina <br>DECK TYPE: Administrative Agency Review |

## RESPONSE OF THE SECURITIES AND EXCHANGE COMMISSION TO PLAINTIFFS' NOTICE OF RECENT JUDICIAL DECISION

The Securities and Exchange Commission ("SEC" or "Commission") hereby responds to Plaintiffs' Notice of Recent Judicial Decision. For the reasons set forth below, the court's decision in Schiller v. Tower Semiconductor Ltd., Docket No. 04-5295-cv (2d Cir. June 1, 2006), is not binding or persuasive authority on whether this case should be transferred to the Court of Appeals.

Tower Semiconductor was a shareholder class action in which the plaintiffs alleged that the defendants had issued a materially misleading proxy statement in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78n(a), 78t. See Exhibit A to Plaintiffs' Notice of Recent Judicial Decision at 2-3. The district court dismissed the complaint on the ground that the corporate defendant was a foreign private issuer and therefore exempt from Section 14(a) under SEC Rule 3a12-3, 17 C.F.R. 240.3a12-3. Id. at 3. Plaintiffs argued, among other things, that the exemption was invalid because the SEC had

exceeded its authority in promulgating Rule 3a12-3.  Id. at 5.  The district court rejected this argument, and the Second Circuit affirmed.  In its opinion, the circuit court stated that its authority to review Rule 3a12-3 derived from the Administrative Procedure Act ("APA"), 5 U.S.C. §704, rather than Section 25(b) of the Exchange Act, 15 U.S.C. 78y(b), which provides for judicial review of certain Commission rules.  The court reasoned that Section 25(b) did not apply because it does not provide for review of rules promulgated under sections of the Exchange Act that authorize the SEC to create exemptions.  Id. at 9.  The court did not, however, consider whether a challenge to Rule 3a12-13 could have been heard under Section 25(a) of the Exchange Act, 15 U.S.C. 78y(a), which provides for judicial review of "final orders" of the Commission in the court of appeals.

      The SEC was not a party to the Tower Semiconductor action and did not participate in the district court proceedings, but the Second Circuit invited the SEC to file an *amicus curiae* brief to address the validity of Rule 3a12-3.   In its amicus brief (attached as Exhibit A), the SEC argued, among other things, that the challenge to the foreign private issuer exemption was procedurally defective because it was time-barred or, alternatively, because the Commission should have been given an opportunity, under the doctrine or primary jurisdiction, to assess the rule's validity prior to a court ruling on that issue.  Exhibit A at 12-15.  Because of the context in which the challenge to Rule 3a12-3 arose – an action between private parties that was properly filed in district court – the SEC did not address whether an action directly against the SEC for judicial review of a rulemaking should be brought in the court of appeals under Section 25(a) of the Exchange Act.  Indeed, the SEC's amicus brief did not identify any particular statutory authority for judicial review.

The Tower Semiconductor opinion is not instructive on the jurisdictional issue before this court, because it does not address the meaning of Section 25(a) of the Exchange Act, which, for the reasons set forth in the SEC's Motion to Transfer and Reply, dictates that the Plaintiffs' challenge to the Rule 16b amendments may only be heard in the court of appeals. In Tower Semiconductor, the court apparently did not consider, and the parties did not brief, whether the term "order" in Section 25(a) of the Exchange Act encompasses rulemaking. Accordingly, the Second Circuit's finding as to the limitations of Section 25(b) of the Exchange Act is not persuasive authority on the meaning of Section 25(a).

To the extent that the court's discussion of Section 25(b) of the Exchange Act in Tower Semiconductor may be read to imply that rules promulgated pursuant to sections not listed in Section 25(b) may only be reviewed in district court under the APA, it should be disregarded. Such a holding would conflict with binding precedent in this jurisdiction, as well as precedent in other circuits, holding that the term "order," as used in judicial-review provisions such as Section 25(a), encompasses any agency action capable of being reviewed on the administrative record – including rule-making. See, e.g., Investment Co. Inst. v. Board of Governors, Fed. Reserve Sys. ("ICI"), 551 F.2d 1270, 1278 (D.C. Cir. 1977); United States v. Dunifer, 219 F.3d 1004, 1006-07 (9th Cir. 2000); Sima Products Corp. v. McLucas, 612 F.2d 309, 312-13 (7th Cir. 1980). Such a holding also would not be consistent with Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744-45 (1985), which held that initial review of agency orders should occur in the courts of appeals absent a clear indication that Congress intended otherwise.

For the foregoing reasons, the court's opinion in <u>Tower Semiconductor</u> should not be viewed as authority for the proposition that this court is the appropriate forum for Levy's challenge to the SEC's promulgation of the Rule 16b amendments.

        Respectfully submitted,
        RICHARD M. HUMES, D.C. Bar No. 271627
        Associate General Counsel

        _____/s/_____

        THOMAS J. KARR, D.C. Bar No. 426340
        Special Trial Counsel

        LAURA WALKER, D.C. Bar No. 445455
        Senior Counsel

        UNITED STATES SECURITIES
        AND EXCHANGE COMMISSION
        100 F Street, N.E.
        Washington, D.C.  20549-9612
        (202) 551-5180
        (202) 772-9263 (fax)

Dated: June 15, 2006