UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK LEVY, MARC BRUH )
and ELLIOT Y. SCHEIER, )
 )
      Plaintiffs, ) Case No. 1:06-cv-269-RMU
 )
v. )
 )
UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, )
 )
      Defendant. )
 )
_____ )

### PLAINTIFFS' REPLY TO THE RESPONSE OF THE SECURITIES AND EXCHANGE COMMISSION TO PLAINTIFFS' NOTICE OF RECENT JUDICIAL DECISION

Plaintiffs Mark Levy, Marc Bruh, and Elliott Y. Scheier ("Plaintiffs") respectfully submit this Reply to the Response of the Securities and Exchange Commission (the "SEC") to Plaintiffs' Notice of Recent Judicial Decision, in which Plaintiffs advised the Court of the recent decision of the U.S. Court of Appeals for the Second Circuit in *Schiller, Vries, et al. v. Tower Semiconductor Ltd.*, Docket No. 04-5295-cv (2d Cir. June 1, 2006), reported at 2006 U.S. Dist. LEXIS 13621.[1]

The SEC argues that *Vries* should not be followed here because it was an action between private parties, rather than one directly against the SEC like the instant case. The Second Circuit, however, unequivocally held that where a rule has been promulgated

---

[1] The *Vries* decision is attached as Exhibit A to Plaintiffs' Notice of Recent Judicial Decision.

1

by the SEC pursuant to a section of the Securities Exchange Act of 1934 (the "Exchange Act") that is not enumerated in the judicial review provision for rules set forth in Section 25(b) of the Exchange Act, the APA's judicial review provisions apply. *See Vries*, slip op. at 9. Those provisions have been consistently interpreted as lodging jurisdiction in the district courts. *See* Pls. Opp. at 9.[2] There is no language or rationale in *Vries* that supports a distinction between judicial review in the context of private litigation and a direct challenge to SEC rulemaking, nor has the SEC provided a rationale for such a distinction.

Moreover, the SEC's position is inconsistent with the decision of the U.S. Court of Appeals for the District of Columbia Circuit in *Independent Broker-Dealers' Trade Ass'n v. SEC*, 442 F.2d 132 (D.C. Cir. 1971), which held that judicial review under Section 25(a) "applies in terms only to 'orders,' a narrower concept than that of 'agency action' reviewable in district courts [under the APA], and ***is available only to persons who were parties to actual agency proceedings***." *Independent Broker-Dealers'*, 442 F.2d at 143 (emphasis added). *See also* Pls. Opp. at 11-12. Section 25(a) cannot apply here because Plaintiffs were never parties to any actual agency proceedings and that fact is not altered by virtue of this case involving a direct challenge to SEC rulemaking.[3]

---

[2] Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer this Action to the United States Court of Appeals for the District of Columbia Circuit will hereinafter be referenced as "Plaintiffs' Opposition" and cited as "Pls. Opp. __".

[3] More particularly, the term "agency proceeding" refers to an adjudication of a party's rights which did not occur here. *See, e.g., Columbia Broadcasting Sys., Inc. v. United States*, 316 U.S. 407, 418 (1943). Plaintiffs' submission of a comment in connection with the challenged rulemaking is not an adjudication of rights and does not make them a "party" to the rulemaking proceeding. The SEC does not argue otherwise.

2

Additionally, none of the four cases upon which the SEC relies in its Response to Plaintiffs' Notice of Recent Judicial Decision are contrary to the holding in *Vries*. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) and *United States v. Dunifer*, 219 F.3d 1004 (9th Cir. 2000), cited by the SEC, are not on point because they did not involve judicial review of SEC rules promulgated pursuant to the Exchange Act but rather involved agency action pursuant to statutory schemes containing materially different judicial review provisions.

Moreover, *Florida Power* and *Dunifer* are fully consistent with Plaintiffs' position because in both cases the validity of the order or regulation being challenged ***was raised by a party to an agency proceeding***. See *Florida Power*, 470 U.S. at 731 (challenging validity of an order issued by the Nuclear Regulatory Commission in a licensing proceeding); *Dunifer*, 219 F.3d at 1005 (validity of a rule was raised as an affirmative defense in a Federal Communications Commission licensing proceeding). Thus, although they involve different agencies and different statutory schemes, both *Florida Power* and *Dunifer* are consistent with the rule expressed by this Circuit in *Independent Broker-Dealers'* which limits review of SEC orders under Section 25(a) to persons who were parties to agency proceedings. Because as stated Plaintiffs were never parties to an agency proceeding, *Florida Power* and *Dunifer* do not apply here.

Similarly, the broad definition of the term "order" applied in *Investment Co. Inst. v. Board of Governors, Fed. Reserve Sys.*, 551 F.2d 1270 (D.C. Cir. 1977), and *Sima Products Corp. v. McLucas*, 612 F.2d 309 (7th Cir. 1980), in interpreting different statutory schemes and different judicial review provisions does not apply to the term "order" as it is used in Section 25(a) of the Exchange Act. Indeed, *Investment Company*

3

*Institute* did not purport to impose a general rule of law with respect to all statutory judicial review provisions but specifically limited its holding to Section 9 of the Bank Holding Company Act. *Investment Company Institute*, 551 F.2d at 1278 ("In our view, the purposes underlying Section 9 will best be served if "order" is interpreted to mean any agency action capable of review on the basis of the administrative record.").

In contrast, as stated above, the D.C. Circuit has *specifically* found that Section 25(a) is available only to parties to agency proceedings. *See Independent Broker-Dealers'*, 442 F.2d at 143. Plaintiffs are not aware of any case - - within this Circuit or without - - applying the broad interpretation of the word "order" applied in *Investment Company Institute* to Section 25(a) of the Exchange Act, and the SEC has not cited to any such authority.

Furthermore, all courts construing Section 25 have unanimously held that judicial review of rules promulgated pursuant to sections of the Exchange Act enumerated in Section 25(b) is governed by that section, and judicial review of rules promulgated pursuant to other sections of the Exchange Act is governed by the APA, and not Section 25(a). *See Vries*, slip op. at 9; *PBW Stock Exchange, Inc. v. SEC*, 485 F.2d 718 (3d Cir. 1973), *cert. denied*, 416 U.S. 969 (1974); *Natural Resources Defense Council, Inc. v. SEC*, No. 73-1591, 1974 U.S. App. LEXIS 8108, at *1 (D.C. Cir. June 17, 1974) (per curiam) (citing *PBW Stock Exchange* and dismissing petition for review of SEC rule for lack of jurisdiction). These cases, unlike any of the cases cited by the SEC, are on point and should be followed here.

Thus, for instance, in *PBW Stock Exchange*, a case on point, the Third Circuit rejected the very same argument made by the SEC here that Section 25(a) applies to

4

judicial review of rules, holding that "§ 25(a) allows review here *only when an order has been entered* by the Commission." *PBW Stock Exchange*, 485 F.2d at 722 (emphasis added). Following an exhaustive review of the legislative history of Section 25, the Third Circuit observed that "an examination of the legislative history reveals a *clear and unequivocal intention* to insulate Commission rules or regulations from review under § 25(a)." *Id.* at 726 (emphasis added).

In sum, the manner in which Section 25 was designed, as well as the holdings in *Vries*, *Independent Broker Dealers'* and *PBW Broadcasting* demonstrate that Congress clearly intended for the district courts to review the rules at issue here. *Accord Natural Resources Defense Council*, 1974 U.S. App. LEXIS 8108, at *1.

Accordingly, the SEC's motion to transfer must be denied.

Dated: June 23, 2006

By: __/S/_____
Scott A. Hodes, Attorney At Law
(D.C. Bar No. 430375)
Post Office Box 42002
Washington, D.C. 20015
Telephone: (301) 404-0502
Facsimile: (413) 641-2833

**ABRAHAM FRUCHTER & TWERSKY LLP**
*Mitchell M.Z. Twersky
*Jeffrey S. Abraham
*Ximena R. Skovron
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Attorneys for Plaintiffs**

*Admitted *pro hac vice*