**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARK LEVY, MARC BRUH and ELLIOT Y. SCHEIER, Plaintiffs, | : | Civil Action No.: 06-269 (RMU) |
| v. | : | Document No.: 7 |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING THE DEFENDANT'S MOTION TO TRANSFER**

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to transfer. Plaintiffs Mark Levy, Marc Bruh, and Elliot Scheier are respective shareholders of Fairchild Semiconductor International, Inc., VistaCare, Inc., and AdvancePCS (now Caremark Rx, Inc.). The plaintiffs collectively bring suit alleging that the Securities and Exchange Commission ("SEC") adopted amendments to SEC rules 16b-3(d) and 16b-7 ("16b Amendments") in violation of its rulemaking authority under Section 16(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78s *et seq*, and provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. The defendant moves to transfer this action to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631. Because the District of Columbia Circuit does not have original jurisdiction over challenges to the rules at issue in this case, this court has jurisdiction to consider the plaintiffs' claims pursuant to the APA. Accordingly, the court denies the defendant's motion to transfer. Because the plaintiffs are

litigating a closely related question in three other federal cases, however, the court, *sua sponte*, orders the parties to submit supplemental briefing on the issues of comity, equitable restraint, estoppel, and any other relevant principles which may warrant transfer of this case, a stay or dismissal.

## II. BACKGROUND

The plaintiffs are shareholders in three companies. Levy owns shares in Fairchild Semiconductor International, Inc., Bruh owns shares in VistaCare, Inc., and Scheier owns shares in AdvancePCS (now Caremark Rx, Inc.). Compl. ¶¶ 10, 12, 14. The plaintiffs are parties in three insider trading actions currently proceeding in other federal districts (collectively the "Insider Trading Actions").[1] *Id.* In these pending actions, the plaintiffs, as corporate shareholders, sued the defendant companies for realizing short-swing profits (i.e. profits realized from any purchase and sale, or any sale and purchase, of their company's publicly traded securities within a six month period) from the purchase and sale of common stock. *Id.* Under the Exchange Act, corporate insiders are strictly liable for short-swing profits. 15 U.S.C. § 78p(b) ("Strict Liability Requirement"). In the Insider Trading Actions, the plaintiffs seek disgorgement of the short-swing profits allegedly gained by the defendant companies. Compl. ¶ 16.

As a defense, the defendant companies argue that the transactions challenged by the plaintiffs are exempt from the Strict Liability Requirement of the Exchange Act under the

---

[1] *Levy v. Sterling Holding Co.,* Civ. No. 00-00994 (D. Del.), *Bruh v. Bessemer Venture Partners III, L.P.,* Civ. No. 05-5271 (2d Cir.), and *Scheier v. Rite Aide Corp.,* Civ. No. 03-1541 (S.D.N.Y.).

recently promulgated 16b Amendments.[2] Compl. ¶¶ 12, 14. The SEC may only exempt, through rules or regulations, transactions that are "not comprehended within the purpose of [Section 16(b)]." 15 U.S.C. § 78p(b). In this case, the plaintiffs seek a legal ruling that the SEC violated the Exchange Act and the APA by adopting the 16b Amendments. Compl. ¶¶ 74, 80, 84, 88.

The plaintiffs filed their complaint against the SEC on February 14, 2006. The defendant have moved to transfer the case pursuant to 28 U.S.C. § 1631, arguing that the United States Court of Appeals for the District of Columbia Circuit has original jurisdiction under 15 U.S.C. § 78y. The court turns now to the defendant's motion.

## III. ANALYSIS

### A. Legal Standard for Transfer to Cure a Want of Jurisdiction

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).

---

2 The 16b Amendments are promulgated at 17 C.F.R. § 240.16b-3(d) (2005) and 17 C.F.R. § 240.16b-7 (2005).

When a court lacks subject-matter jurisdiction, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *Hayward v. U.S. Tax Court*, 762 F.2d 706, 707 (8th Cir. 1985). The legislative history of § 1631 indicates that Congress contemplated that it would provide assistance to those parties who were "confused about the proper forum for review." *Am. Beef Packers, Inc. v. Interstate Commerce Comm'n*, 711 F.2d 388, 390 (D.C. Cir. 1983).

**B. The Court Denies the Defendant's Motion to Transfer**

The defendant argues that the D.C. Circuit has original jurisdiction over this action under 15 U.S.C. § 78y. Def.'s Mot. at 3. Specifically, the SEC asserts that judicial review of the 16b Amendment falls under § 78y(a), Def.'s Mot. at 3, which provides that a person aggrieved by a final order may obtain review in the courts of appeals, 15 U.S.C. § 78y(a); *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979) (stating that if Congress specifies that judicial review may be had in a particular court, then Congress ordinarily intends that the specified court has exclusive jurisdiction). The plaintiffs, in contrast, argue that the 16b Amendments are not final orders but rules governed by § 78y(b). Pls.' Opp'n at 5 (citing 15 U.S.C. § 78y(b)). In resolving this dispute, the court must first determine whether the 16b Amendments are final orders or rules.

The APA governs a court's review of administrative agency actions and provides definitions that the court should use when the agency has not provided a definition for a term. *Nat'l Wildlife Fed'n v. Babbit*, 835 F. Supp. 654, 661 (D.C. Cir. 1993) (applying an APA definition because the applicable statute contained no separate definition). The APA defines "order" as the "whole or part of a final disposition, whether affirmative, negative, injunctive, or

declaratory in form, of an agency in a matter other than rule making." 15 U.S.C. § 551(6). A final disposition is a disposition that resolves a dispute between parties to administrative proceedings. *Int't Tel. & Tel. Corp. Commc'ns Equip. & Sys. Div. v. Local 132, Intl. Bhd. of Elec. Workers*, 419 U.S. 428, 444 (1975). The SEC did not promulgate the 16b Amendments to resolve any dispute by the parties to this case but "to clarify the exemptive scope of these rules, consistent with statements in previous Commission releases." *Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 70 Fed. Reg. 46080, 46081 (Aug. 9, 2005) (stating that the 16b Amendments were adopted in response to misinterpretations of the rules by the Third Circuit). Accordingly, because the 16b Amendments were not the "whole or part of a final disposition . . . of an agency in a matter other than rulemaking," they are not orders as defined by the APA.[3] 5 U.S.C. § 551 (6).

The APA defines a rule as the "whole or a part of an agency statement of general or

---

[3] The SEC argues, however, that the court may construe the term order to encompass any agency action reviewed on the administrative record, including rule-making. Def.'s Mot at 3 (citing *Inv. Co. Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 551 F.2d 1270, 1278 (D.C. Cir. 1977)). In *Investment Company*, the D.C. Circuit interpreted the term "order" as used in Section 9 of the Bank Holding Company Act of 1956 to include any agency action "capable of review on the basis of the administrative record." *Inv. Co.*, 551 F.2d at 1278. Unlike the statute at issue in *Investment Company*, however, the statutory provisions at issue in this case explicitly differentiates between final orders and rules. *Compare* 15 U.S.C. § 78y(a) with 15 U.S.C. § 78y(b). Applying the *Investment Company* holding blindly to the statutory provisions in this case would render § 78y(b) meaningless. *New York v. EPA,* 443 F.3d 880, 887 (D.C. Cir. 2006). Because "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant," the court must reject the interpretation that would render § 78y(b) meaningless. *TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001) (quoting *Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879)); *see also Inv. Co. Inst.*, 551 F. 2d at 1278 (stating that because Congress did not amend a law to distinguish orders and regulations, it is assumed that a broad definition of order can be applied).

particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4). The 16b Amendments comport with the definition of "rule" in the APA because they have "general or particular applicability" to Section 16(b). *Nat'l Wildlife Fed'n v. Babbit*, 835 F. Supp. at 661 (citing 5 U.S.C. § 551(4)). Because the 16b Amendments regulate exemptions to Section 16(b), they have "future effect." *Id*. (ruling that an enactment which regulates a topic rather than directly applying to that topic has future effect). Finally, because the 16b Amendments clarify and interpret rules 16b-3d and 16b-7, they are "designed to implement, interpret, or prescribe law or policy." *Id*. Therefore, the 16b Amendments are rules as defined by the APA, and fall under § 78y(b).[4]

Parties challenging rules promulgated pursuant to 15 U.S.C. §§ 78f, 78i(h)(2), 78(k), 78k-1, 78o(c)(5) or (6), 78o-3, 78q, 78q-1, or 78s may obtain judicial review in the Courts of Appeals. 15 U.S.C. § 78y (b)(1); *City of Rochester*, 603 F.2d at 931. The SEC promulgated the16b Amendments pursuant to 15 U.S.C. § 78p(b) and sections 3(a), 3(b), 10(a), 12(h), 13(a), 14, 23(a), and 36.[5] 70 Fed. Reg. 46080, 46087 (Aug. 9, 2005). None of these sections include those specifically enumerated in the statutory review provisions of §78y(b)(1). Because the SEC

---

[4] As the plaintiffs note, the defendant's argument that the amendments are orders actually supports the plaintiffs' underlying claim that the amendments were promulgated in violation of law because Congress only gave the SEC authority to issue exemptions through "rules or regulations," not orders. Pls.' Opp'n at 6 (citing 15 U.S.C. § 78p(b)).

[5] The amendments were also adopted pursuant to Section 19(a) of the Securities Act of 1933, 15 U.S.C. § 77s(a); Sections 17 and 20 of the Public Utility Holding Company Act of 1935, 15 U.S.C. § 79q and 79t; Sections 30 and 38 of the Investment Company Act of 1940, 15 U.S.C. § 80a-29 and 80a-37; and Section 3(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. 7202(a). Def.'s Mot. at 2 n.2; Pls.' Opp'n at 7.

did not act pursuant to provisions directing judicial review explicitly to the circuit courts in promulgating the 16b Amendments, the statute does not confer jurisdiction on the circuit courts. *Halverson v. Slater*, 129 F.3d 180, 185 (D.C. Cir. 1997) (employing the cannon of "*expressio unius est exclusio alterius*" in finding that a statute including delegations to Coast Guard officials means the exclusions of delegations to non-Coast Guard officials); *see also Burlington N. R.R. and Santa Fe R.R. Co. v. White*, 126 S. Ct. 2405, 2407 (2006) (stating that the Court normally "presumes that, where words differ as they differ here, Congress acts intentionally and purposely in the disparate inclusion and exclusion"). Therefore, Congress did not intend for the judicial review procedures for §78y(b) to apply to parties seeking review under statutory provisions not enumerated in the section. *Ramah Navajo Sch. Bd., Inc. v. Babbit,* 87 F.3d 1338, 1343 (1996) (stating that "[t]he key to any determination of reviewablity is congressional intent"); *see also Schiller v. Tower Semiconductor Ltd.,* Civ. No. 04-5295 (2d Cir. June 1, 2006) (concluding that because Rule 3a12-3 is not enumerated in §78y(b), jurisdiction is not governed by the section, but by the APA).

Because the 16b Amendments are not governed by special statutory review under the Exchange Act, judicial review must be found elsewhere. *Whitman v. Dep't of Transp.*, 126 S. Ct. 2014 (June 5, 2006) (ruling that absent an explicit statutory preclusion of federal court jurisdiction, the federal courts have jurisdiction); *Int'l Bhd. of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994) (stating that "[u]nless a statute provides otherwise, persons seeking review of agency action go first to district court [under APA section 703] rather than to a court of appeals"). If there is no special statutory review procedure specified by a statute, the APA provides that jurisdiction lies in a court of "competent jurisdiction." 5 U.S.C. § 703; *see also In*

*re Spaulding Broadcasting, L.P.*, 1996 WL 453637 at *1 (D.C. Cir. July 25, 1996) (holding that absent a statute vesting jurisdiction in the court of appeals, jurisdiction generally lies in the district court); *Pena*, 17 F.3d at 1481.

The SEC argues that because there is a specific grant of exclusive appellate jurisdiction found in §78y, the more general provisions of the APA do not apply. Def.'s Mot. at 5. The court does not agree. Because the amendments were not promulgated by any of the sections enumerated in §78y(b), there is no specific grant of exclusive appellate jurisdiction by Congress to the 16b Amendments. For the reasons stated above, the APA, not §78y(a) or §78y(b), governs federal court jurisdiction over challenges to the 16b Amendments. Accordingly, this court has jurisdiction under the APA to review the plaintiffs' challenge to the SEC's rulemaking.

### C. The Court Orders Briefing on the Issues of Comity, Equitable Restraint, and Estoppel.

Federal courts of coordinate jurisdiction exercise care to avoid interference with each other's affairs. *Am. Bankers Life Assurance Co. of Florida v. Overton*, 128 Fed. Appx. 399, 403 (5th Cir. April 21, 2005). Couched in the principles of comity and equitable judicial administration, when an action presents a closely related question to a previously filed suit, the latter may be dismissed without prejudice. *C.G. Dillard v. Merrill Lynch,* 961 F.2d 1148, 1161 (5th Cir. 1992); *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

Because the plaintiffs are also parties in three separate pending actions in federal courts and because the legality of the rules at issue in this case are central to the resolutions of those cases, the court, *sua sponte*, will consider transfer, a stay, or dismissal. *Handy v. Shaw,*

*Bransford, Veilleux & Roth*, 325 F.3d 346 (D.C. Cir. 2003). To provide the parties with an opportunity to present argument on these issues, the court orders the parties to brief the court within 30 days of this memorandum opinion on the issues of comity, equitable restraint, estoppel, judicial efficiency, and any other relevant principles which may bear on the court's concerns.[6] The party may file responsive briefing within 15 days thereafter.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to transfer. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of November, 2006.

RICARDO M. URBINA
United States District Judge

---

6 The parties' briefing must throughly and comprehensively address the court's concerns with pin cites and parentheticals.